[Civ. No. 19069.    First Dist., Div. Two.    Aug. 22, 1960.]

WILLIAM B. LOGAN AND ASSOCIATES (a Corporation), Respondent, v. MONOGRAM PRECISION INDUSTRIES, INC. (a Corporation), Appellant.

John H. Brink for Appellant.

Allan, Miller, Groezinger, Keesling & Martin for Respondent.

GOOD, J. pro tem.*—Monogram Precision Industries, Inc., appeals from a confirmation of an arbitration award entered in favor of William B. Logan and Associates in the San Francisco Superior Court. Respondent rendered certain managerial and consulting services to Cascade Research Corporation, appellant's predecessor in interest. The claim for fees and expenses was disputed and an arbitration agreement was executed. The agreement recites the items and amounts claimed as (1) $2,587.50 for services during periods other than May 13 through May 25; (2) $4,675 for services from May 13 through 25; (3) $951 for travel expenses during the entire period; and (4) $2,105 of supplemental billing "to properly reflect the amount due for services rendered." It also recites that appellant's objections to the sums claimed were (a) that item (2) ($4,675) "is unreasonable and un-

*Assigned by Chairman of Judicial Council.

authorized to the extent that it exceeds $2400.00''; (b) that item (3) ($951 for travel) is unreasonable and unauthorized; and (c) that item (4) is also unreasonable and unauthorized. It further recites the willingness of the parties to adjust items (1) and (4) and provides that respondent release appellant from all obligation under item (4); that appellant withdraw objections to and agree to pay $2,587.50 on item (1) and $2,400 on item (2); and, that they ''submit to the American Arbitration Association, all rights and claims they have in, to, and concerning *the amount whereby the claim, for the period May 13 through May 25 exceeds $2,400.00* and the items covered *thereby* and all disputes concerning *the same,* including but not being limited to the reasonableness and authorization *thereof,* and the determination of all rights and claims they may have in, to, and concerning the amount of $951.00 claimed as traveling expenses . . .'' (italics supplied). The arbitrator awarded $3,000 in settlement of the amount of fee in dispute and $610.50 for traveling expenses. There is no issue concerning the travel item and all of the issues arise out of the arbitration agreement's meaning and effect insofar as concerns item (2). Appellant's contention is that the contract is amenable to but one interpretation in that the quoted phrase submitted to arbitration only the reasonableness of the amount by which the claim of $4,675 exceeded $2,400 for services during the particular period including reasonableness and authorization of services included in such excess. The theory is that the word ''disputes'' can refer only to the claims recited because of the fact that all other items had been separately settled. Respondent contends that ''disputes'' refers generally to ''amount'' and that reasonableness thereof can be in excess of the amounts originally claimed. It is argued that otherwise the contract would be ambiguous and unclear as to what ''all disputes concerning the same'' refers to in the agreement.

When appellant resisted confirmation of the award, the court allowed respondent to introduce an affidavit reflecting his understanding of the agreement, based upon alleged discussions with appellant's counsel at the time of execution of the agreement to the effect that the arbitrator would have complete discretion in determining the value of all services rendered during the particular period and if he found them to be unnecessary or unauthorized he could award no compensation or, if found necessary and authorized, he could

award any sum in settling the amount thereof. Appellant's counsel filed a counteraffidavit and attached thereto a letter from respondent stating that the issues to be arbitrated included "[t]he access of the two weeks invoices over $2400.00, or $2275.00. . . ." The order of confirmation does not specify by way of recitals or findings the basis for the order. Confirmation, however, indicates that the trial judge either found that the agreement was ambiguous and looked to the extrinsic evidence to determine its meaning or else found that it did give the arbitrator authority to determine a reasonable value for all of respondent's services during the period in dispute in any amount whatsoever rather than limiting arbitration to the amount of the excess of the claim over $2,400 or to $2,275.

Respondent argues that the trial court's order supports an implied finding of ambiguity (*In re Bewick,* 49 Cal.App.2d 287 [121 P.2d 815]) and points out that since the pleadings were on motion the use of affidavits to show conversations between the parties was not improper (Code Civ. Proc., § 2009). He correctly contends that where there are conflicting affidavits the contents of that of the prevailing party must be taken as true and the facts therein considered to be established. (*Brainard* v. *Brainard,* 82 Cal.App.2d 478 [186 P.2d 990].) However, if an affidavit relied on is inadmissible as a matter of law, implied findings based thereon are not binding upon an appellate court. (*Brant* v. *California Dairies, Inc.,* 4 Cal.2d 128 [48 P.2d 13].)

Where the language of a contract is clear and certain and there is no ambiguity or uncertainty in its application to subject matter or manner of performance, parol evidence is inadmissible to vary its meaning. When reduced to writing, such contract represents a complete integration of previous negotiations and the contractual understanding of the parties. (*Barnhart Aircraft, Inc.* v. *Preston,* 212 Cal. 19 [297 P. 20] ; *Ellis* v. *Klaff,* 96 Cal.App.2d 471 [216 P.2d 15] ; *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.,* 46 Cal.2d 517 [297 P.2d 428].)

In our opinion there is no ambiguity in the terms of the arbitration agreement. On its face, it is not fairly susceptible of two interpretations as was the case in *Balfour* v. *Fresno C. & I. Co.,* 109 Cal. 221 [41 P. 876], nor is its meaning obscure as in *Schmidt* v. *Macco Construction Co.,* 119 Cal.App. 2d 717 [260 P.2d 230] or *Bartel* v. *Associated Dental Supply Co.,* 114 Cal.App.2d 750 [251 P.2d 16]. The agreement clearly

reflects there were only two items remaining in dispute between the parties. As concerns item (2), there is no ambiguity in the specific provision attacked nor is it rendered uncertain by reference to any other portion of the agreement or to the surrounding circumstances. It was therefore error to allow extrinsic evidence to vary the plain meaning of the instrument or to increase the specific amount of the item referred to arbitration. (*Crow* v. *P.E.G. Construction Co., Inc.,* 156 Cal.App. 2d 271 [319 P.2d 47].)

Respondent argues that the mere fact that during preliminary negotiations he questioned the meaning of the phrase, "including but not being limited to the reasonableness and authorization thereof," was sufficient to prove that ambiguity existed. *Chastain* v. *Belmont,* 43 Cal.2d 45 [271 P.2d 498]. *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co., supra,* and *California Emp. etc. Com.* v. *Walters,* 64 Cal.App.2d 554 [149 P.2d 17] are cited for the rule. But in each of these and like cases announcing the rule relied on, the court also found the contractual language was of doubtful meaning or application in the particular circumstances of the parties and the subject matter within their purview. In the instant case, respondent's own letter confirming a telephone conversation leading up to the agreement contradicts his alleged understanding and specifies that only $2,275 was in dispute and subject to arbitration. ▆▆▆ Where there is nothing in the circumstances attending the execution of a contract that renders its language doubtful of meaning or uncertain of application, antecedent negotiations may not be resorted to in order to vary its plain meaning. (*Shiver* v. *Liberty Building-Loan Assn.,* 16 Cal.2d 296 [106 P.2d 4].)

Respondent argues that even if the instrument is not ambiguous or uncertain parol evidence should be admissible to show what the parties meant by their statements. (McBaine, 31 Cal.L.Rev. 145; 9 Wigmore on Evidence (3d ed.), §§ 2461, 2462; Witkin, California Evidence, §§ 373, 374.) But the application of the liberal rule of interpretation, under the texts cited or cases wherein it has been discussed (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751 [128 P.2d 665] [concurring opinion]; *Wells* v. *Wells,* 74 Cal.App.2d 449 [169 P.2d 23]), depends upon the showing of circumstances that demonstrate that the language used did not reveal the true meaning of the parties. ▆▆▆ As was said in *Crow* v. *P.E.G. Construction Co., Inc., supra,* at page 277, ". . .

[T]here is, however, a fundamental distinction between cases wherein the act is equivocal and evidence of the intent of the party is competent and relevant to establish its legal effect, and those cases where the *terms* of an agreement are set forth in writing and the words are not equivocal or ambiguous. In the latter cases . . . 'the writing or writings will constitute the contract of the parties, and one party is not permitted to escape from its obligation by showing that he did not intend to do what his words bound him to do.' " By the same token, neither will such party be permitted to reap more benefit from a contract than its language permits.

While every intendment of validity must be given an arbitration award (*Sampson Motors, Inc.* v. *Roland,* 121 Cal. App.2d 491 [263 P.2d 445]), it is well settled that an arbitrator derives his power from the arbitration agreement and he cannot exceed his derived power. (*Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156 [260 P.2d 156].) To confirm an award in excess of the powers granted by an arbitration agreement would destroy the very purpose of arbitration and be contrary to the sound policy of encouraging the settlement of private disputes by the voluntary agreement of the parties.

Since the arbitrator here exceeded the express limitations of the agreement, the superior court must make an order vacating the award. (*Flores* v. *Barman,* 130 Cal.App.2d 282 [279 P.2d 81].)

The appellant contends that pursuant to Code of Civil Procedure section 1289, subdivision (a), the award may be corrected because of an evident miscalculation of figures. He argues that the $3,000 was a determination of a reasonable amount for the whole of the $4,675 claim and that the arbitrator ignored the fact that $2,400 had been paid, thus leaving a balance of $600 payable pursuant to the award. However, this is a supposition without any basis in evidence. There is no way to determine how or why the arbitrator arrived at the particular amount. The cited code section is not operative where a miscalculation is suppositional rather than evident.

The judgment is reversed and the cause remanded with instructions to vacate the award.

Kaufman, P. J., and Draper, J., concurred.