[Civ. No. 29313.   Second Dist., Div. Four.   Dec. 7, 1966.]

LUCIUS W. BANKS, Plaintiff and Appellant, v. MILWAUKEE INSURANCE COMPANY, Defendant and Respondent.

Denton & Thomas and Kenneth R. Thomas for Plaintiff and Appellant.

Betts & Loomis and Albert H. Ebright for Defendant and Respondent.

KINGSLEY, J.—Plaintiff, having been injured in an automobile accident involving an uninsured motorist, made claim for damages under his insurance policy with defendant. The parties being unable to agree on the amount involved, the matter was submitted to arbitration under the auspices of the American Arbitration Association. After hearings, the arbitrator rendered his award, in the following terms:

"(A) MILWAUKEE INSURANCE COMPANY, hereinafter sometimes referred to as MILWAUKEE, shall pay to LUCIUS W. BANKS, hereinafter sometimes referred to as BANKS, the sum of FIVE HUNDRED THIRTY-NINE DOLLARS AND FIFTY CENTS ($539.50).

"(B) The administrative fees of the American Arbitration Association in the amount of $53.00 shall be borne equally. Therefore, MILWAUKEE shall pay to BANKS the additional sum of $26.50 representing their one-half share of the fees previously advanced by BANKS to the Association.

"(C) This Award is in full settlement of all claims submitted in this arbitration."

The award was rendered on November 26, 1963. On December 4, 1963, plaintiff filed with the arbitrator an application, purportedly under section 1284 of the Code of Civil Procedure,[1] for a correction of the award. The ground alleged was that the arbitrator had not included any allowance for general

---

[1]Statutory references herein are all to the Code of Civil Procedure unless otherwise noted.

damages, it being contended that the award was in the exact sum of the special damages for loss of earnings.[2] The arbitrator took no action on this application until January 20, 1964, when he wrote a letter to the American Arbitration Association, purportedly correcting his award by adding an allowance of $1,000 for general damages.[3] The Association rejected the purported correction, on the ground that it was not made within the 30-day period set forth in section 1284.

Plaintiff then filed his petition,[4] purportedly pursuant to sections 1286.2 to 1286.8, seeking a correction or vacation of the award. Defendant answered and prayed for confirmation of the award as originally rendered. After a hearing, and the consideration of declarations filed by both parties, plaintiff's petition was denied and judgment confirming the award as originally rendered was entered.[5] Plaintiff has appealed.

I

The trial court held that the attempted correction was void and of no effect on the ground that it came too late. We agree with that conclusion; but, for reasons discussed herein, we conclude that the correction, even if timely, would have been beyond the power of the arbitrator.

First: The power to correct an award, once finally rendered, is derived from section 1284 of the Code of Civil Procedure. So far as herein pertinent, that section provides: "The arbitrators, upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant. . . . If no denial of the application or

---

[2]The record shows that there was admitted in evidence, before the arbitrator, a letter from plaintiff's employer, reading as follows: "Lucious [sic] Banks was absent from work from March 19, through April 21, during which period his pay would have been $539.50, including overtime which our plant worked during that entire period. He received $99.60 in sick leave during that period from the Company."

[3]"I received and considered an Application for Correction in the above captioned matter, there having been no counter made by Respondent. You are advised that I do correct the award to include as general damages in addition to the specific damages previously awarded, the sum of $1,000.00."

[4]The parties proceeded to trial on a first amended petition and the answer thereto. As the parties have done in their briefs, we refer only to the final pleadings.

[5]The petition was originally denied by minute order. There followed a motion to reconsider, also denied, and proceedings to settle the findings. As the parties have done, we consider only the findings as ultimately signed and the judgment finally entered.

correction of the application or correction of the award is served within the 30-day period provided in this section, the application for correction shall be deemed denied on the last day thereof.''

Since the attempt to correct the award was not made until more than 30 days after the award was rendered and served, the arbitrator's power had lapsed and his action was of no legal effect.

■ Second: Even if the attempted ''correction'' had been timely made, it was not a correction which the arbitrator had power to make. As above noted, under section 1284, a correction by an arbitrator may be made ''upon any of the grounds set forth in subdivisions (a) and (c) of section 1286.6.'' But those two subdivisions provide for corrections where ''. . . (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; . . . or (c) The award is imperfect in a matter of form, not affecting the merits of the controversy.'' These grounds are exclusive;[6] and it is obvious that neither of them covers the kind of ''correction'' that plaintiff requested.[7] As distinguished from judicial correction or judicial vacation, which we consider later, it is clear that section 1284 confers on an arbitrator power to make corrections only in a very limited area. The correction requested here was no mere recalculation, but a revision in substance, adding an element of damages not covered (according to plaintiff) in the award as rendered.

## II

■ Plaintiff's petition to the superior court sought, among other relief, a ''correction'' of the award by the court, on the same theory as had been urged on the arbitrator. The judicial power of correction is contained in section 1286.6, to which we have adverted above. For the reasons already set forth, subdivisions (a) and (c) of the section give no authority for the correction here desired. In addition to those two subdivisions, the court (as distinguished from the arbitrator) may ''correct'' an award if ''. . . (b) The arbitrators

[6]For a discussion of the power of an arbitrator to ''correct'' his award under the pre-1961 law and under the present section 1284, consult: Feldman, *Arbitration Modernized—The New California Arbitration Act* (1961) 34 So.Cal.L.Rev. 413, 430-431.

[7]As to the meaning of the word ''evident'' in this connection, see *William B. Logan & Associates* v. *Monogram Precision Industries* (1960) 184 Cal.App.2d 12 [7 Cal.Rptr. 212].

exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; . . ." This subdivision affords plaintiff no aid. By no theory, could the inclusion of damages for an unliquidated claim based on pain and suffering be thought to be a "correction" at all, much less a correction which did not "affect the merits" of the controversy.

### III

Finally, plaintiff's petition sought to have the superior court vacate the award and (under section 1287) order a new hearing.

█ As his first ground for vacating, plaintiff contended that the arbitrator had been guilty of misconduct (a) in delaying his action on the application for correction; (b) in not granting that application; and (c) in not awarding general damages for pain and suffering. What has been said above is a sufficient answer to the first two arguments. In addition, and without attempting here to define the meaning of "misconduct" as used in section 1286.2, subdivision (c), we think it clear that the mere failure to act is not the kind of "misconduct" that is there contemplated. As we point out below, the most that the third argument amounts to is that the arbitrator did not exercise his powers fully. This may be a ground to vacate under subdivision (e) but it is not "misconduct" under subdivision (c).

The ultimate contention is that the court should have vacated the award, under subdivision (e) of section 1286.2, in that the failure to award general damages amounted to "conduct of the arbitrators contrary to the provisions of this title" by which conduct the rights of the plaintiff had been "substantially prejudiced."

If the record actually shows that the issue of general damages had been submitted to the arbitrator, and that he had totally failed to consider it, the court could and should have vacated the award. It is provided in section 1283.4 that: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." █ Failure to find on all issues submitted is, thus, a statutory ground for vacating an award.[8]

---

[8]On this point, consult *Feldman, supra* at page 430, where it stated: "The award must include a determination of all the questions submitted 'the decision of which is necessary in order to determine the contro-

█ We conclude that the record before us sufficiently shows that the arbitrator had violated the requirements of section 1283.4 and, therefore, that the trial court should have vacated the award and directed further proceedings in accordance with the provisions of section 1287.

First: The record shows that the arbitrator had failed to consider at all the element of general damages. In his declaration, presented to the trial court, the arbitrator said: "That declarant rendered an award on or about November 26, 1963 for special damages and through inadvertence, mistake and/or excusible [sic] neglect omitted an award for general damages."

Disregarding the conclusionary language that his failure was "excusable," there remains the positive statement that the arbitrator had neglected to make an award for general damages. If that declaration was properly admitted, its statements (nowhere denied) are sufficient. Respondent's contention that the declaration was not admissible is answered by the leading case of *Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515 [212 P.2d 233], where the Supreme Court, considering a similar contention, said (at page 523): "To prove the arbitrators' failure to consider the item of damage from the delay in completion, respondents introduced the affidavit of the arbitrator whom they had appointed, Maurice Fleishman. Appellants' contention that Fleishman's affidavit was inadmissible as tending to impeach his award cannot be upheld. Although an arbitrator cannot impeach the award by testifying to his fraud or misconduct, his testimony is admissible to show what matters were submitted for decision and were considered by the arbitrators. [Citations.]"

Second: The record shows that the issue of general damages was in issue before the arbitrator. The submission agreement on which the matter was heard by him[9] submits a claim on behalf of plaintiff, under the uninsured motorist clause of an identified policy with defendant. Under the heading "Amount

---

versy.' (Section 1283.4). A failure to do so may be grounds for vacating the award under Section 1286.2 (c), (d) or (e), even though the former language, making imperfect execution of an arbitrator's powers grounds for vacation of the award, has been eliminated.''

[9]The petition refers to, and there is attached thereto, a request for arbitration, unsigned by anyone, which does show a demand for $3,904. The answer denied that allegation and alleged that the demand on which the matter was submitted was an executed request, a copy of which was attached to the answer, which request, as above stated, included no specific demand for damages. The finding is in favor of the allegation in the answer and no objection to that finding is here made.

40

claimed'' is the entry ''undisclosed.'' We think that this, although not the best possible language,[10] not having been attacked by defendant, was sufficient to put in issue all the elements of damage that are generally in issue in a personal injury action.

The judgment is reversed; the case is remanded with directions to vacate the award and thereafter to proceed in accordance with section 1287 of the Code of Civil Procedure.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 27, 1966, and respondent's petition for a hearing by the Supreme Court was denied February 1, 1967.

---

[10]Tested by the requirements for a complaint in a civil action, the demand clearly did not comply with Code of Civil Procedure section 426, subdivision 3. But no objection appears to have been made and defendant went to hearing, and litigated its case, without (so far as appears) seeking any greater specificity.