[No. B006950. Second Dist., Div. Six. Oct. 10, 1985.]

RICHARD SEVERTSON et al., Plaintiffs and Appellants, v.
WILLIAMS CONSTRUCTION COMPANY et al.,
Defendants and Respondents.

## COUNSEL

Donald J. Parrish for Plaintiffs and Appellants.

Robert D. Silver for Defendants and Respondents.

## OPINION

**CANTER, J.**\*—Here we are called upon to interpret Code of Civil Procedure section 1286.6, subdivision (a); more specifically, to determine the meaning of the words "evident miscalculation of figures" as they apply to the arbitrator's authority to correct an award previously made.

A dispute which had arisen between property owners and the contractor they hired to construct their residence was submitted to arbitration. After two days of hearings, the arbitrator made his award and the owners applied for a correction, claiming an error had been made. The arbitrator agreed and amended the award by increasing the amount of damages and also granted the owners' motion for additional attorneys fees and costs. The owners petitioned the superior court to have the amended award approved, and the contractor petitioned to have the original award approved. The superior court approved the original award and vacated the amended award, finding that the arbitrator had no authority to amend the original award. The owners appeal, contending the amended award should have been confirmed. Meanwhile, owners accepted payment of the original award and contractor asserts the appeal should be dismissed as moot. We affirm the confirmation of the original award and the vacation of the amended award.

---

\*Assigned by the Chairperson of the Judicial Council.

## FACTS

Richard and Diane Severtson entered into a contract with Bill Williams, doing business as Williams Construction Company, to construct a single-family dwelling. The Severtsons alleged defective workmanship and sued Williams in superior court. Williams cross-complained for monies due. By stipulation of the parties, it was agreed that the matter be arbitrated and that the arbitrator's decision would be binding. Oral and documentary evidence was presented to the arbitrator on two hearing dates. The matter was submitted; written arguments were prepared and filed. The arbitrator made his written award in favor of the Severtsons with a minor offset in favor of Williams and provided each party with a letter stating the reasons for the award. The major item of damages was found to be $15,000 to correct the exterior siding which included removal of the existing knotty pine siding found to be inappropriate for exterior use, repapering, fixing of flashing and installing tongue and groove cedar on all exterior walls. In addition, the arbitrator awarded the Severtsons attorneys fees and costs.

The Severtsons then filed an application to arbitrator to correct award and motion to recover attorneys fees and costs after decision. Both were granted. In an amended award, the arbitrator increased the damages by $6,408 and granted additional attorney fees and costs to include the period during the hearing and for preparation of the briefs and written arguments. In addition, the Severtsons were awarded expert witness fees. A letter of explanation of the amended award was provided. From the letters accompanying the awards and a declaration of the arbitrator accompanying the motion for confirmation of the amended award, the rationale for the amendment was presented.

## ISSUES

The questions on appeal are (1) whether the arbitrator's action in amending the award was within his authority as a correction of an evident miscalculation of figures; (2) whether an arbitrator has authority to amend an award to increase attorneys fees and costs and provide for expert witness fees; and (3) whether the appeal is rendered moot by appellants' accepting the amount of the original award.

## DISCUSSION

California has a comprehensive statutory arbitration scheme. (Code Civ. Proc., § 1280 et seq.)[1] The parties to this litigation voluntarily agreed

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise noted.

to submit their controversy to this process and thereby remove it from the procedures applicable to trial. They thereupon became bound by the rules of law pertaining to arbitration. (*Lindholm* v. *Galvin* (1979) 95 Cal.App.3d 443 [157 Cal.Rptr. 167].) ■ The policy of the law is to encourage and foster arbitration, and the arbitrator's award is generally conclusive on matters of fact and law. (*Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933 [138 Cal.Rptr. 419].)

The statutory scheme provides a process for correction of an arbitrator's award by the arbitrator under certain limited conditions.[2] The arbitrator purported herein to act pursuant to sections 1284 and 1286.6, subdivision (a), which provides for correction in the event of an "evident miscalculation of figures."

### Evident Miscalculation of Figures

A review of the documentation surrounding the award provides the factual background for the trial court's action. The correction concerned what the arbitrator later characterized as a miscalculation of the costs of removing the knotty pine siding to replace it with cedar.

In the letter accompanying the original award,[3] the arbitrator indicated that he considered the bid of a Mr. Bartels which specified the amount of $11,634 "to remove and install one-half inch plywood" over the frame

---

[2]Section 1284 provides: "The arbitrators, upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 . . . ."

Section 1286.6 provides for correction if "(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; [¶] . . . [¶] (c) The award is imperfect in a matter of form, not affecting the merits of the controversy." (In addition to these grounds, a court can also act pursuant to subdivision (b) to correct the award if arbitrators exceeded their powers, but only if correction can be accomplished without affecting the merits of the decision.)

[3]The arbitrator's letter accompanying the original award set forth his reasoning and calculations on that subject on pages 4 and 5, as follows:

"The award of damages with respect to the exterior siding is based upon the bid of Mr. Bartels (Plaintiffs' Exhibit 6). Mr. Bartels bid specifies an amount of $11,634.00 to remove and install one-half inch plywood over the frame walls and then either the sum of $10,233.00 to install shakes on all exterior walls or the sum of $9,774.00 to install tongue and groove cedar on all exterior walls. It does not appear to me that either the original plans prepared by the architect, Mr. Jolly, or the revised plans prepared by Mr. Williams called for plywood over the frame walls before application of the siding. Under the circumstances, *it is my view that Plaintiffs did not bargain for such plywood and there is no reason to make an award of damages at this time requiring Defendants to provide* it. It is my conclusion that the award should only include the cost of removing the existing siding and installing it [*sic*] its place tongue and groove cedar siding. Because of my conclusions in this regard, none of the above-mentioned figures of Mr. Bartels quite responds to the costs involved and I have awarded the sum of $15,000.00 which appears to me to be within the evidence and estimates the cost of removing the existing siding, but does not include the cost of installing half inch plywood." (Italics added.)

walls and $9,774 to then install tongue and groove cedar siding. The arbitrator decided, however, that the building plans had not called for the plywood, and it was not a bargained-for item; the award should only include the cost of removing the existing pine siding and replacing it with cedar and not the cost of the plywood. The arbitrator therefore awarded $15,000 for removal of and replacing the siding, a figure which excluded the plywood.

In his declaration accompanying the motion for confirmation of the amended award, the arbitrator asserted his reliance upon the Bartels proposal, but stated he believed the $11,634 figure to "[r]emove and install ½" plywood over frame walls" meant *to remove the existing pine exterior siding.* The arbitrator stated that he did not believe that all of the exterior siding needed to be removed and chose instead to award the lesser sum of $5,226 for that task. ·The latter figure was then added to item 2 of the proposal which indicated a cost of $9,774 to install tongue and groove cedar on all exterior walls. When presented with the application to correct, the arbitrator states that in reviewing the testimony given at the hearing, it became clear to him that Bartels used the word "remove" in item 4 to refer to *removing the windows* which had to be done in any case. Thus, the total cost to repair the exterior walls was the sum of item 4 ($11,634) plus item 2 ($9,774), or a total of $21,408. The arbitrator thereupon corrected the award by adding the difference of $6,408.

 The Severtsons characterize the original award as a miscalculation of figures; Williams urges that the correction was not a miscalculation, but a misinterpretation of the evidence. Both the original award and the amended award simply set forth the dollar amount entitlements, there being no statement of rationale contained therein.

The arbitrator's award must be in writing. (§ 1283.4.) The award need not, however, set forth findings of fact or a statement of reasons. The award is valid as long as it serves to settle the entire controversy and simply state that one party pay the other a sum of money. (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233].) When the arbitrator provides the basis for decision in the form of an opinion or letter, that document becomes part of the award for purposes of review. (*Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691, fn. 4 [72 Cal.Rptr. 880, 446 P.2d 1000].) The letters accompanying the original and amended awards were properly before the trial court and form a basis for review here. Similarly, the arbitrator's declaration accompanying the motion for confirmation was properly received. While an arbitrator cannot impeach his award by testimony of his fraud or misconduct, he can testify to what matters were considered in making the decision. (*Sapp* v. *Barenfeld, supra,* 34 Cal.2d at p. 523.)

 Review of arbitration awards is restricted. Only a limited form of judicial review is provided by statute. The arbitrator's findings on questions

of both law and fact are conclusive. (*Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 840-841 [97 Cal.Rptr. 100].) A court cannot set aside an arbitrator's error of law, no matter how egregious. (*Lindholm* v. *Galvin, supra,* 95 Cal.App.3d at p. 451; *State Farm Mut. Auto. Ins. Co.* v. *Guleserian* (1972) 28 Cal.App.3d 397, 402 [104 Cal.Rptr. 683].) Nor can courts interfere with the award by examining "the merits of the controversy, the sufficiency of the evidence supporting the award, or the reasoning supporting the decision." (*Santa Clara-San Benito etc. Elec. Contractors' Assn.* v. *Local Union No. 332* (1974) 40 Cal.App.3d 431, 437 [114 Cal.Rptr. 909].) An error of fact by the arbitrator cannot form the basis of court review. (*Ibid.*)

 Correction of an award is likewise restricted to the narrow statutory grounds, "and a dissatisfied litigant is limited thereto." (*Durand* v. *Wilshire Ins. Co.* (1969) 270 Cal.App.2d 58, 61 [75 Cal.Rptr. 415].) The arbitrator, like the court on review, is limited by statute in correcting an award. Here, the arbitrator purported to correct an "evident miscalculation of figures," a ground embraced by section 1286.6, subdivision (a). There are two elements to satisfy the condition for correction. There must be a miscalculation; and, the miscalculation must be "evident."

Webster's Third New International Dictionary (1981) page 789, defines "evident" as "capable of being perceived . . . clear to the understanding: Obvious, Manifest, Apparent . . . Apparent, Patent, Manifest, Plain, Clear, Distinct, Obvious, Palpable, along with Evident, are often interchangeable without much variation in meaning, implication, or suggestion . . . ."

The definition adopted in *Matter of Hermance et al.* (1877) 71 N.Y. 481, is appropriate here. In that case the New York court interpreted a statute giving authority to the board of supervisors to correct a "manifest" error. The court stated at pages 485-486: "The errors which may be corrected are 'manifest' errors; not errors which may be shown to have been committed by extrinsic evidence or may be proved to the satisfaction of the court. No provision is made for any inquiry, the production of proofs, or any trial . . . . But 'manifest,' as used here, means something which is apparent by an examination of the [document], needing no evidence to make it more clear. That which is open, palpable . . . incontrovertible. It is synonymous with evident, visible, plain, obvious to the understanding from an examination of the . . . document; or, at the most, only requiring a mathematical calculation to demonstrate it."

 In applying the *Hermance* definition to the instant case, no evident miscalculation can be discerned. An examination of the original award and accompanying letter would not reveal any miscalculation, but a deliberate choice rejecting certain items of evidence. It was well within the province of the arbitrator to reject the Bartels proposal of $11,634 to "remove"

materials and substitute instead the arbitrator's reasoned figure of $5,226. In reviewing those documents, it is not clearly apparent that anything is amiss. A reviewing body would be unable to determine how the arbitrator arrived at the $5,226 figure, and any miscalculation would be "suppositional rather than evident." (See *William B. Logan & Associates* v. *Monogram Precision Industries* (1960) 184 Cal.App.2d 12, 17 [7 Cal.Rptr. 212]; *Shammas* v. *National Telefilm Associates* (1970) 11 Cal.App.3d 1050 [90 Cal.Rptr. 119].)

*Carolina Va. Fash. Exhibitors* v. *Gunter* (1979) 41 N.C.App. 407 [255 S.E.2d 414], relied on by Williams, illustrates the principle: The North Carolina Court of Appeals stated: "Plaintiff's attempt in the trial court and here amounts to an argument that the arbitrators reached the *wrong result* in determining that it was liable for two thirds of ad valorem taxes, utilities and insurance. It argues, for example, that the arbitrators applied a mistaken denominator and numerator in establishing an improper formula to reach their result. It refers to matters from the evidence relating to a determination of the square footage of the total premises and the portion occupied by it. Such arguments do not show a *miscalculation* of figures; they attempt to show a *misinterpretation* of the evidence by the arbitrators. Pursuant to the rules stated above, these are not proper considerations for courts reviewing arbitration awards. In providing that awards could be modified or corrected for 'evident miscalculation of figures,' we think our legislature had reference only to mathematical errors committed by arbitrators which would be patently clear to a reviewing court." (255 S.E.2d at p. 419.)

The case of *First National Oil Corp. and Arrieta* (1956) 2 Misc.2d 225 [151 N.Y.S.2d 309], relied on by the Severtsons, illustrates the corollary. In that case the arbitrators accepted a figure in the brief of one of the parties to represent a molasses shortage based upon a certain gallonage loaded on board a ship. The evidence presented could not sustain that figure, but instead showed that a smaller number of gallons had been loaded, a finding the arbitrators made elsewhere in their report. This "palpable error in computation is immediately evident" (*id.,* at p. 316), and the court corrected the award accordingly.

The miscalculation, to be evident, must appear *on the face* of the award (see *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 86 [111 Cal.Rptr. 274]) or be so readily apparent from the documentation in the case that explanation by proofs is not necessary. The fact the arbitrator rejected a portion of the Bartels proposal due to a mistake of fact is not a ground for correction. The arbitrator, like the court, cannot "correct" mistakes of fact, such not being a ground for correction specified in the statutes. Regardless of whether the word "remove" in the Bartels proposal referred to windows or siding, that same item also included installing half-inch plywood. The arbitrator initially considered the use of plywood sheeting and, as shown by the

letter accompanying the original award, rejected it as an item for which the owners had not bargained. If the arbitrator omitted to include the plywood sheeting by mistake, " '. . . the omission was in effect a disallowance of those items . . . .' " (*Sapp* v. *Barenfeld, supra,* 34 Cal.2d at p. 523-524, quoting *Koepke* v. *E. Liethen Grain Co.* (1931) 205 Wis. 75, 80 [236 N.W. 544].) In thereafter "correcting" the award to include all of item 4 at $11,634, the arbitrator placed the plywood sheeting back into the award. This added a new element of damage—the plywood—to the award. This "was no mere recalculation, but a revision in substance, adding an element of damages not covered . . . in the award as rendered." (*Banks* v. *Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 37 [55 Cal.Rptr. 139, 36 A.L.R.3d 933].)

### Attorneys' Fees and Costs

The parties' stipulation to arbitrate this case expressly provided that they would equally share the arbitrator's fee, but did not mention payment of attorneys' fees and costs. Section 1284.2 provides that in absence of agreement of the parties or where the arbitration agreement does not otherwise provide, each party shall pay a pro rata share of the expenses and fees of the arbitrator and the other expenses of arbitration incurred or approved by the arbitrator, not including attorneys' fees or witness fees or other expenses incurred for the party's own benefit.

However, the parties' construction contract provided in paragraph 6 that "[i]n the event Contractor shall employ an attorney or bring suit . . . Contractor shall be entitled to reasonable attorney's fees and expenses of litigation." Civil Code section 1717 makes such clauses mutual so that when a contract provides for only a particular party to be awarded fees and costs, the prevailing party obtains the right. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83].) ■ While some attorneys' fees clauses may be inapplicable to the arbitration process (see *Cecil* v. *Bank of America* (1956) 142 Cal.App.2d 249, 251 [298 P.2d 24]), the use of the term "suit" in the present contract was broad enough to embrace arbitration, and attorneys' fees and costs were properly awarded by the arbitrator. (*Taranow* v. *Brokstein* (1982) 135 Cal.App.3d 662 [185 Cal.Rptr. 532].)

■ The Severtsons argue that the award of additional attorneys' fees and costs, including the expert witness fee, was appropriate because the prevailing party could not be known until the arbitrator made his award, and only thereafter could a full cost bill be prepared. The parties, however, put on evidence of attorneys' fees and costs at the original hearing. The arbitrator, in the letter accompanying the original award, found the Severtsons to be the prevailing party and noted that the Severtsons' attorney had produced an exhibit outlining attorney's fees for service up to but not in-

cluding the hearings. The arbitrator awarded the attorney's fees and costs requested and added an additional amount since "there have been two days of hearing and, in my estimation, more than a day involved in researching and writing the opening and closing arguments." Attorneys' fees and costs were properly part of the arbitrator's original award. (See *Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952 [169 Cal.Rptr. 493]; *Taranow* v. *Brokstein, supra,* 135 Cal.App.3d 662.) The award could not thereafter be "corrected" to reflect the attorneys' fees and costs actually incurred because the arbitrator's estimate, whether mistaken or not, was conclusive for the reasons set forth above in reference to "correction" of awards generally. We do not reach the question whether expert witness fees are embraced within the contractual provision allowing "expenses of litigation" because, under the circumstances of this case, the addition of expert witness fees was similar to the addition of new element of damages and beyond the arbitrator's power.

*Mootness*

While the appeal was pending, Williams tendered the full amount of the original award and the Severtsons provided a full satisfaction of judgment. *Trollope* v. *Jeffries* (1976) 55 Cal.App.3d 816 [128 Cal.Rptr. 115], holds that the general rule that "a party is not entitled to accept the benefits of a judgment order or decree and then appeal from it . . ." applies to arbitration awards as well as civil judgments generally. (*Id.,* at p. 822.) There is an exception to that rule, as noted in *Trollope, supra,* at p. 825, "where an appellant is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits. [Citations.]" Here, the exception applies. Two awards were rendered in favor of appellants. The trial court affirmed the lesser award and vacated the greater. A reversal would result only in appellants obtaining the greater, and no claim is made that appellants are not entitled in any event to the lesser. The lesser award could, therefore, be tendered and accepted without affecting the controversy concerning the greater award.

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.