[No. B148018. Second Dist., Div. Six. Mar. 21, 2002.]

TODD A. HARRIS, Plaintiff and Appellant, v.
ROSALIE M. SANDRO et al., Defendants and Respondents.

**COUNSEL**

Knapp, Petersen & Clarke, Kevin J. Stack; and Melbourne B. Weddle for Plaintiff and Appellant.

Grokenberger, Smith & Courtney, James H. Smith; and Herb Fox for Defendants and Respondents.

**OPINION**

YEGAN, J.—Todd A. Harris appeals from a judgment confirming an arbitration award in favor of Rosalie M. Sandro and the Rosalie M. Sandro Revocable Trust dated September 27, 1991 (collectively Sandro). Harris contends the arbitrator exceeded his powers when he determined that Harris had no estate, title or interest in the property, failed to compel specific performance of the option agreement, and awarded attorney's fees and costs to Sandro. Harris further contends the arbitrator committed misconduct by failing to provide a basis for the award. We affirm.

Sandro has requested that we impose sanctions of $11,062 against Harris and his counsel for pursuing a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) We agree that the appeal is frivolous and impose sanctions in the amount requested against Harris, Kevin J. Stack, and the law firm of Knapp, Petersen & Clarke, jointly and severally. We decline to impose sanctions against appellant's cocounsel, Melbourne B. Weddle, because it appears Mr. Weddle performed no work in connection with the appeal.

*Facts*

Harris obtained an option to purchase land owned by Sandro. The option agreement provides: "Any dispute or claim in law or equity arising out of this contract or any resulting transaction shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association . . . ." The option agreement also provides: "Should any litigation be commenced between the parties to the Option to Purchase Agreement concerning the premises, this Option to Purchase Agreement, or the rights and duties of either in relation thereto, the party, Seller or Buyer, prevailing in such litigation shall be entitled to, in addition to such other relief as may be granted, a reasonable sum for attorneys' fees to be determined by the court in such litigation or in a separate action brought for that purpose."

A dispute arose concerning whether Harris had exercised the option. The matter was submitted to arbitration at Harris's request. After hearing, the arbitrator denied Harris's claim for specific performance of the option agreement and found that Harris had "no estate, title or interest in the property . . . ." The arbitrator further ruled: "No proof having been rendered, [Sandro's] counterclaim [for quiet title] is also hereby denied." Sandro was awarded her attorney's fees and costs. The superior court confirmed the award and entered judgment in favor of Sandro. Harris appeals.

## Discussion

### The Appeal

As the courts of this state have repeatedly emphasized, the merits of a controversy that has been submitted to arbitration are not subject to judicial review. This means that we may not review the validity of the arbitrator's reasoning, the sufficiency of the evidence supporting the award, or any errors of fact or law that may be included in the award. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Judicial review is severely limited because that result "vindicates the intentions of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law . . . ." (*Ibid.*)

Code of Civil Procedure section 1286.2 sets forth a list of circumstances under which we may vacate an arbitrator's award, including where "[t]he rights of the party were substantially prejudiced by misconduct of a neutral arbitrator," (Code Civ. Proc., § 1286.2, subd. (a)(3)) and where, "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (a)(4).) "Unless one of the enumerated grounds exists, a court may not vacate an award even if it contains a legal or factual error on its face which results in substantial injustice." (*Marsch v. Williams* (1994) 23 Cal.App.4th 238, 243-244 [28 Cal.Rptr.2d 402].) An arbitrator does not exceed his or her powers by making a legal or factual error or by giving erroneous reasons for an award. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 28; see also *Marsch v. Williams, supra,* 23 Cal.App.4th at pp. 243-244.) "[A]n arbitrator's failure to render express findings on disputed questions does not invalidate the award where, as here, the award ' "serves to settle the entire controversy." (*Sapp* v. *Barenfeld* [1949] 34 Cal.2d 515, 522-523 [212 P.2d 233].)' (*Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838 [170 Cal.Rptr. 349].)" (*Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1345 [19 Cal.Rptr.2d 215]; see also *Armendariz v. Foundation Health Psychcare Services* (2000) 24 Cal.4th 83, 107 [99 Cal.Rptr.2d 745, 6 P.3d 669] [stating general rule that arbitrators are not required to provide written findings and conclusions].)

Each of Harris's contentions on appeal runs afoul of these well-established limits on our power to review the arbitration award. The contentions that the arbitrator exceeded his powers by failing to compel specific performance of the option agreement, by determining that Harris had no estate, title or interest in the property, and by failing to give a "basis" for his decision are nothing more than claims that the award contains legal or

factual errors. We reject these contentions because the claimed errors simply are not subject to judicial review.

Harris contends the arbitrator exceeded his powers by issuing the "inconsistent" rulings that Harris had "no estate, title or interest in the property," and that Sandro was not entitled to a judgment quieting her title in it. First, this is nothing more than a claim that the arbitrator erred in a legal ruling. We may not review the award for legal errors. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 11.) Second, the arbitrator plainly did not exceed his powers. The option agreement provides for the arbitration of "[a]ny dispute or claim in law or equity arising out of this contract or any resulting transaction . . . ." A dispute about whether Harris exercised his option arises out of the option agreement. The finding that he had "no estate, title or interest" in the property is rationally related to that dispute because, if Harris had effectively exercised the option, he would have had an interest in the property. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 367 [36 Cal.Rptr.2d 581, 885 P.2d 994] [arbitrator does not exceed powers if his ruling "bears a rational relationship to the underlying contract"].)

Nor can we conclude that the two rulings are inconsistent. The arbitrator found that Harris had no interest in the property, but declined to rule on the nature or extent of Sandro's interest because she did not "render" sufficient "proof" on her counterclaim for quiet title. A ruling that one person lacks an interest in real property is fully consistent with a ruling that the interest of another cannot yet be determined.

Harris's complaints concerning the award of attorney's fees and costs fare no better. The arbitrator did not exceed his powers in awarding fees because Harris and Sandro both requested an award of attorneys fees in the arbitration. Any error in this regard was, therefore, invited. (*Taranow v. Brokstein* (1982) 135 Cal.App.3d 662, 667 [185 Cal.Rptr. 532].) Moreover, both the option agreement and the applicable arbitration rules permit the arbitrator to award attorney's fees to Sandro, the prevailing party.

The option agreement does not require that a "court" or judge, rather than an arbitrator, make the fee award. All of the parties' disputes are to be submitted to arbitration. Where, as here, a contract both compels arbitration and awards attorney's fees to the prevailing party in "litigation" arising out of the contract, the attorneys' fee provision applies to the arbitration. (*Severtson v. Williams Construction Co.* (1985) 173 Cal.App.3d 86, 95 [220 Cal.Rptr. 400]; *Taranow v. Brokstein, supra,* 135 Cal.App.3d at pp. 667-668.) Any other result would render the fee provision meaningless, a result we must avoid where possible. (Civ. Code, § 1641; *Tate v. Saratoga Savings*

& *Loan Assn* (1989) 216 Cal.App.3d 843, 857 [265 Cal.Rptr. 440].) By the same reasoning, a contract that both compels arbitration and requires a "court" to determine the amount of the fee award must contemplate that an arbitrator will make the fee award. Otherwise, fees could never be awarded because no "court" may decide a dispute under the contract; all such disputes must be decided by an arbitrator.

Nor will we consider Harris's claims that the arbitrator erred in awarding fees for certain services claimed by Sandro's counsel. "The recovery or nonrecovery of fees being one of the 'contested issues of law and fact submitted to the arbitrator for decision' (*Moncharsh, supra,* 3 Cal.4th at p. 28), the arbitrator's decision was final and could not be judicially reviewed for error." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 776 [94 Cal.Rptr.2d 597, 996 P.2d 699].) For precisely the same reasons, we decline to review the award of costs to Sandro. (*Caro v. Smith* (1997) 59 Cal.App.4th 725, 736 [69 Cal.Rptr.2d 306]; *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1105 fn. 9 [40 Cal.Rptr.2d 700].)

### *The Motion for Sanctions on Appeal*

Sandro contends Harris's appeal is sanctionable because it is without merit and was pursued solely to delay enforcement of the judgment against Harris in an unlawful detainer action relating to the real property at issue here. Harris and his counsel contend the appeal has merit and deny that delay was a factor in pursuing it. Notwithstanding Harris's purported offers to settle on appeal, we are persuaded that sanctions should be imposed.

Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." An appeal is frivolous, and thus subject to sanction, "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

By any objective measure, Harris's appeal is indisputably without merit. Whatever the merits of his position in the arbitration, his appeal of the resulting judgment was without factual or legal support. Given the clarity and frequency with which our Supreme Court has rejected attempts to obtain judicial review of arbitration awards, no reasonable attorney could have concluded otherwise. (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p.

650.) Moreover, we have every reason to believe that the appeal was pursued for the improper purpose of delay. Sandro obtained an unlawful detainer judgment against Harris, the enforcement of which was stayed pending the outcome of this appeal. In any event, the arguments advanced by counsel on behalf of Harris are transparently without merit. We may infer both counsel and Harris "knew as much, and subjectively prosecuted the appeal for an improper purpose." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 32 [96 Cal.Rptr.2d 553].)

There remains the question of a proper penalty. Both Code of Civil Procedure section 907 and California Rules of Court, rule 26(a)(2) grant us broad discretion to determine the amount of the sanction. Appellate sanctions are imposed to discourage frivolous appeals and to compensate for losses caused by such an appeal. (*In re Marriage of Economou* (1990) 223 Cal.App.3d 97, 107 [272 Cal.Rptr. 673].) One generally accepted measure of that loss is the amount of attorney's fees incurred by respondent in opposing the appeal. (*Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 134-135 [260 Cal.Rptr. 369].) Sandro's counsel declares that respondent incurred attorney's fees of $11,062 on appeal. Harris does not challenge this amount as unreasonable. We conclude that it, together with the recovery of costs on appeal, should be sufficient to discourage Harris and his counsel from further frivolous litigation and to compensate Sandro for damages reasonably related to the appeal. (*Pierotti v. Torian, supra,* 81 Cal.App.4th at p. 32; *Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 995 [245 Cal.Rptr. 463].) Accordingly, we impose sanctions in the amount of $11,062 against Harris, Kevin J. Stack, and Knapp, Petersen & Clarke, jointly and severally. We decline to impose sanctions against appellant's trial counsel, Melbourne B. Weddle, because it appears from the declaration of Harris's counsel on appeal that Mr. Weddle performed no services in connection with the appeal.

## Conclusion

The judgment is affirmed. As a sanction for this frivolous appeal, Harris, Kevin J. Stack, and the law firm of Knapp, Petersen and Clarke, shall pay $11,062 to counsel for Sandro. Sandro shall also recover from appellant her costs on appeal. A copy of this opinion shall be forwarded to the State Bar of California. (Bus. & Prof. Code, § 6086.7.)

Gilbert, P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 12, 2002.