Filed 9/22/14  Clark v. Zellet CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WAYNE CLARK et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>DONN ZELLET,<br><br>    Defendant and Appellant. | 2d Civil No. B251728<br>(Super. Ct. No. 1381521)<br>(Santa Barbara County) |

Donn Zellett appeals from a judgment confirming an arbitration award for $376,418 damages in favor of Wayne Clark and SportFence International, Inc., a Colorado Corporation.   (Code Civ. Proc., §§ 1286; 1294. subd. (d).).[1]  Zellet contends that the arbitrator exceeded her powers in calculating damages and the superior court erred in not correcting the award.  (§ 1286.6.)   We affirm.

*Facts and Procedural History*

SportFence is a plastic, breakaway fence panel used for sporting events.   It is manufactured and sold under the trademark SportFence which is owned by Wayne Clark.

In 2006, Clark sued Zellet for patent and trademark infringement.  In May 2008, they entered into a settlement agreement providing that Zellet would stop

_____

[1] All statutory references are to the Code of Civil Procedure.

manufacturing SportFence. Zellet agreed not to market or sell SportFence products not manufactured by Clark and agreed not to use special dies to manufacture SportFence parts.

After the settlement agreement was executed, Zellet continued manufacturing and selling SportFence but placed no purchase orders with Clark. Zellet repudiated the settlement agreement and, in 2011, instructed a vendor (Barnes Plastic) not to sell patented parts to Clark. In 2012, Zellet changed the name of his company from SportFence to Best Portable Fence and continued to reference SportFence on his website.

Clark sued for injunctive relief and contract damages. On February 2, 2012, the Santa Barbara Superior Court ordered the matter to arbitration and issued a preliminary injunction enjoining Zellet from: (1) manufacturing plastic portable fencing using certain die parts, and (2) selling or offering for sale portable plastic fencing under the name "SportFence" except for fencing purchased from Clark.

JAMS Arbitrator Nancy J. Warren found that Zellet breached the settlement agreement when he continued to manufacture, market, and sell SportFence without ordering the fence product from Clark. The arbitrator also found that Zellet used patented parts in direct violation of the settlement agreement and the preliminary injunction. Clark was awarded $376,418 damages plus $59,544.58 attorney's fees and costs. The arbitrator found that Clark was entitled to a permanent injunction prohibiting Zellet from manufacturing SportFence or selling SportFence products not manufactured by Clark.

On June 26, 2013, the superior court granted Clark's petition to confirm the arbitration award and denied Zellet's request to correct the award. (§ 1286.6.) A $523,154.90 judgment was entered against Zellet consisting of $376,418 damages, $87,192.32 prejudgment interest, $46,124.80 attorney fees and $13,419.78 costs.

*Standard of Review*

In determining whether the arbitrator exceeded her powers, we review the superior court's order de novo and give substantial deference to the arbitrator's award. (*Advanced Micro Devices, Inc.. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) Judicial

2

review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2) or correcting (§1286.6) an award. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775.) A court may correct the award if the arbitrator exceeded his or her authority (§ 1286.6, subd. (b)) or the arbitrator made an "evident miscalculation of figures . . . ." (§ 1286.6, subd. (a).) "The miscalculation, to be evident, must appear *on the face* of the award [citation] or be so readily apparent from the documentation in the case that explanation by proofs is not necessary." (*Severtson v. Williams Construction Co.* (1985) 173 Cal.App.3d 86, 94.)

### Damages

Zellet argues that the superior court erred in not reducing the damage award from $376,418 to $30,448.40. The arbitrator calculated damages by totaling Zellet's gross sales receipts and subtracting documented production costs. Zellet argues that damages should be the difference between what Clark would have charged ($93.04 per fence unit), less Clark's manufacturing cost ($80 per unit). Based on Zellet's calculation (Zellet sold 2,335 fence panels x $13.04 net profit per panel), Clark's damages total $30,448.40.

The argument fails because Zellet was ordered to produce records of the manufacturing and production costs but refused to do so. The arbitrator found that "Zellet cannot refuse to produce documents and then complain that the damages cannot be clearly ascertained or calculated with reasonable certainty." The alleged "mistake" in the computation of damages was created by Zellet. The arbitrator found that the invoice totals for the sale of SportFence was $417,966 and subtracted the documented manufacturing costs ($41,547.79), which netted $376,418 damages.

Zellet claims there are other manufacturing costs but declined to produce the invoices and records. The superior court found that the arbitrator "dealt with the documentation that was provided. She felt that [Zellet] was not forthcoming in terms of providing the documentation . . . and, essentially, that's [Zellet's] fault."

Zellet claims that the documentation was not required because the parties already "possessed [the] numbers." He argues that the unauthorized sales were a windfall

to Clark who lacked a manufacturing facility and customer base. Zellet, however, is precluded from retrying the case. The appeal is based on the theory that the arbitrator should have calculated damages based on Clark's manufacturing costs. The superior court rejected argument because it "ignores the fact that [Clark's] costs certainly would have been much lower and his sales much higher had [Zellet] not actively competed with him for customers. Also, [Zellet] needed to raise this argument when he sought to have the arbitrator correct her award . . . . Instead, [Zellet] only asked the arbitrator to correct the injunction language to make clear which molds [and dies] he was permitted to use."

The arbitrator found that Zellet manufactured and sold SportFence in direct violation of the settlement agreement and preliminary injunction. Zellet was ordered to produce records of the manufacturing costs but refused to do so. "No one can take advantage of his own wrong." (Civ. Code, § 3517.) Zellet cites Civil Code section 3301 for the rule that contract damages must be clearly ascertainable. The corollary to this rule is that "[o]ne whose conduct has rendered difficult the ascertainment of . . . damages cannot escape liability because the damages could not be measured with exactness. [Citations.]" (*Zinn v. ExCell-O Corp.* (1944) 24 Cal.2d 290, 297-298.) The arbitrator did not exceed her powers in concluding that Zellet engaged in illegal competition and was liable for gross sales minus documented manufacturing costs.

*Sanctions*

Clark seeks an award of $7,000 sanctions for what he characterizes as a frivolous appeal. (§ 907; Cal. Rules of Court, rule 8.276(a)(1).) An appeal is frivolous only "when it is prosecuted for an improper motive - to harass the respondent or delay the effect of an adverse judgment - or when it indisputably has no merit - when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

The record fails to show that Zellet or his former attorney filed the appeal for improper reasons. While the contentions on appeal are weak, we cannot say they are totally and completely without merit.

4

The judgment (order confirming arbitration award) is affirmed. Clark is awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

5

James Herman, Judge

Superior Court County of Santa Barbara

_____


Donn Zellet in pro per, Appellant.


Richard J. Wideman, for Respondent.