[Civ. No. 19351. First Dist., Div. Two. Mar. 6, 1961.]

MICHAEL H. KRAUTNER et al., Respondents, v. KENNETH L. JOHNSON, Appellant.

Everett H. Roan and Kenneth L. Johnson for Appellant.

Wilhelm & Blatt and Robert O. Wilhelm for Respondents.

DRAPER, J.—Defendant appeals from order confirming an award made by arbitrators and from judgment entered thereon.

Under written contract, plaintiffs constructed a residence for defendant. Alleging completion of the house, plaintiffs filed an action for sums claimed due therefor. On defendant's motion, the action was stayed until arbitration had been had pursuant to a provision of the contract. Arbitration award was in favor of plaintiffs. Their motion to confirm the award was granted and judgment was then entered.

As originally drawn, the arbitrators' award said: "We also find that Krautner-Nackord have substantially completed the contract and are entitled to the sum of $3,880.00, the total amount due under the written contract between Krautner-Nackord and Johnson." An award for claimed extras was also made. On this page of the original award, the quoted paragraph was marked out, initialed by all arbitrators, and the words "We find that the amount of the last payment unpaid under the basic contract was the amount of $3,880.00" were added to the next paragraph and similarly initialed. Apparently this form was forwarded to the parties, but before filing of the award with the court, the page was retyped so as to show only the corrected form.

Defendant contends that this alteration of the award vitiates it. ■ A change in substance would require vacation of

the award (*Porter* v. *Scott,* 7 Cal. 312) if it resulted in prejudice to either party (*Popcorn Equipment Co.* v. *Page,* 92 Cal. App.2d 448, 451 [207 P.2d 647]). Here, however, the alteration, even if made after furnishing of copies to the parties, is one of form only. It would be hypertechnical to hold that it voids the award. Another similar alteration was even more clearly but one of form, rather than substance.

Defendant further argues, however, that since the "change" deletes the finding that plaintiffs "have substantially completed the contract," it must be construed as a finding that there was no substantial completion.

The contention is wholly without merit. ▪ Arbitration does not require the formality of judicial proceedings (*Sapp* v. *Barenfeld,* 34 Cal.2d 515, 520 [212 P.2d 233]). Arbitrators are not required to find facts and give reasons for their awards (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.,* 29 Cal.2d 228, 232 [174 P.2d 441]). ▪ Parties who agree to arbitration "may expect not only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review." (*Case* v. *Alperson,* 181 Cal.App.2d 757, 759 [5 Cal.Rptr. 635].)

▪ Defendant also argues that portions of the award are not supported by the evidence. On the record before us in such a proceeding as this, we cannot review the sufficiency of the evidence (*In re Connor,* 128 Cal. 279 [60 P. 862]).

Judgment and order affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1961.