[No. G032543. Fourth Dist., Div. Three. June 21, 2004.]

BFGC ARCHITECTS PLANNERS, INC., Cross-complainant and Appellant,
v.
FORCUM/MACKEY CONSTRUCTION, INC. et al., Cross-defendants and
Respondents.

### COUNSEL

Collins, Collins, Muir & Stewart, Christine E. Drage, Jacqueline C. Pons-Bunney and Douglas Fee for Cross-complainant and Appellant.

Lang, Richert & Patch, Val W. Saldana and Tracy E. Sagle Benneyan for Cross-defendant and Respondent Forcum/Mackey Construction, Inc.

Case, Ibrahim & Clauss, Brian S. Case, F. Albert Ibrahim, Mark R. Guevara and Andrew C. Carlton for Cross-defendant and Respondent S.C. Anderson, Inc.

### OPINION

**RYLAARSDAM, J.**—Cross-complainant BFGC Architects Planners, Inc. (plaintiff) appeals from a judgment entered in favor of cross-defendants Forcum/Mackey Construction Inc. (Forcum) and S.C. Anderson, Inc. (Anderson) (collectively defendants) after their demurrers were sustained without leave to amend. Plaintiff contends the court erred by holding that its claims for implied indemnity required a predicate tort. We find the demurrers were correctly sustained without leave to amend and affirm.

### FACTS

Porterville Unified School District (district) and plaintiff entered into a contract whereby plaintiff agreed to prepare architectural drawings for and supervise construction of a high school. District also entered into contracts with Forcum and Anderson to act as general contractors for the site phase and construction phase, respectively. In its complaint against plaintiff for breach of contract and professional negligence, district alleged that after construction was completed, Anderson submitted a claim to district for more than $11

million, alleging "delays and disruptions stemming from [plaintiff's] defective design . . . ." District paid Anderson just over $4 million to settle the action; it also spent approximately $717,500 in defense costs and more than $2.1 million in change orders, "many of which were caused by [plaintiff's] failure to perform its work expeditiously . . . [or] with professional skill and care . . . ."

Plaintiff filed a cross-complaint against several parties, including defendants. It alleged defendants were negligent in failing to comply with the terms of their contracts with district and that they "breached their duties as to the standard of care" by failing "to administer, coordinate, construct, install, supervise, build, inspect and assemble [the] structures with reasonable skill and care" and by failing "to perform work and services in a timely manner." It further alleged these deficiencies caused "delays and disruption," led to the underlying dispute between district and Anderson, and caused plaintiff's damages. Plaintiff also sought implied equitable indemnity, apportionment of fault/contribution, and declaratory relief for indemnity.

Defendants each filed a demurrer and motion to strike the causes of action against them. Anderson argued the negligence claim failed to state a cause of action because it owed no duty to plaintiff in connection with plaintiff's performance obligations to district and because plaintiff claimed only purely economic damages. Anderson asserted the equitable causes of action were based on the invalid negligence claim and could not stand alone.

Similarly, Forcum challenged the negligence cause of action, arguing it could not be negligent as a matter of law because it had no agreement with plaintiff but had contracted only with district, and because the purely economic damages plaintiff sought were not recoverable. Forcum attacked the indemnity claim on the ground district had no cause of action against it, and the contribution and declaratory relief claims on the ground they could not stand without a valid underlying cause of action for negligence.

At the hearing, plaintiff agreed with the court's tentative ruling that the negligence cause of action failed based on the economic loss doctrine and limited its argument to the equitable claims. The court sustained the demurrers without leave to amend, ruling that the negligence claim failed to state a cause of action because it sought purely economic damages. The equitable claims failed for that same reason and also because they were purely derivative of the negligence cause of action.

## DISCUSSION

Plaintiff contends the court erroneously sustained the demurrers because it "misunderstood the term 'joint tortfeasor' . . . ." It asserts that no " 'predicate' common law tort" is required to support its claim for equitable indemnity against defendants. Rather, it argues, instead of looking at the allocation of fault, the focus should be on apportionment of the loss based on equity and good conscience. While these arguments have a surface appeal, on closer examination, they lack any factual underpinnings to sustain them in this case.

■ Although the body of law defining and applying principles of equitable indemnity has not fully gelled but is still evolving, one thing is clear: The doctrine applies only among defendants who are jointly and severally liable to the plaintiff. (*GEM Developers v. Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal.App.3d 419, 430 [261 Cal.Rptr. 626].) As plaintiff maintains, joint and several liability in the context of equitable indemnity is fairly expansive. We agree it is not limited to "the old common term 'joint tortfeasor' . . . ." It can apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors. (*Yamaha Motor Corp. v. Paseman* (1990) 219 Cal.App.3d 958, 964 [268 Cal.Rptr. 514].)

■ One factor is necessary, however. With limited exception, there must be some basis for tort liability against the proposed indemnitor. (*Munoz v. Davis* (1983) 141 Cal.App.3d 420, 425 [190 Cal.Rptr. 400].) Generally, it is based on a duty owed to the underlying plaintiff (e.g., *Yamaha Motor Corp. v. Paseman, supra,* 219 Cal.App.3d at pp. 964–966; *Munoz v. Davis, supra,* 141 Cal.App.3d at p. 425), although vicarious liability (*Fireman's Fund Ins. Co. v. Haslam* (1994) 29 Cal.App.4th 1347, 1356 [35 Cal.Rptr.2d 135]) and strict liability (*Daly v. General Motors Corp.* (1978) 20 Cal.3d 725, 737 [144 Cal.Rptr. 380, 575 P.2d 1162]) also may sustain application of equitable indemnity. In addition, implied contractual indemnity between the indemnitor and the indemnitee can provide a basis for equitable indemnity. (*Bay Development, Ltd. v. Superior Court* (1990) 50 Cal.3d 1012, 1028–1035 [269 Cal.Rptr. 720, 791 P.2d 290].) But neither vicarious or strict liability nor implied contractual indemnity are alleged or exist here. Thus, we are left with the requirement that defendants owed a duty to district.

■ And there are no facts to support this. Plaintiff argues that neither district's pleadings nor those of defendants can dictate the outcome. We agree, with the caveat that plaintiff's pleadings control in ruling on a demurrer. ■ Here, plaintiff's own complaint torpedoes its claim. It

alleges defendants breached their duties to district by failing to comply with the terms of their contracts. This is not a cognizable claim on which to base equitable indemnity.

"A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. Instead, ' "[c]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." ' [Citations.]" (*Aas v. Superior Court* (2000) 24 Cal.4th 627, 643 [101 Cal.Rptr.2d 718, 12 P.3d 1125], superseded by statute on another ground as set out in *Rosen v. State Farm General Ins. Co.* (2003) 30 Cal.4th 1070, 1079–1080 [135 Cal.Rptr.2d 361, 70 P.3d 351].)

The only allegations of defendants' misconduct are based on their alleged breach of contract, despite plaintiff's gloss that in doing so, they breached their duties. This is an improper attempt to recast a breach of contract cause of action as a tort claim. Nor is there any social policy that would demand resort to tort remedies. Without any action sounding in tort, there is no basis for a finding of potential joint and several liability on the part of defendants, thereby precluding a claim for equitable indemnity.

None of plaintiff's other arguments are on point. For example, the fact that district failed to sue the defendants is not why plaintiff's claim is barred. (*Yamaha Motor Corp. v. Paseman, supra*, 219 Cal.App.3d at pp. 970–971.)

Nor are we basing the ruling on the district's prior settlement with Anderson. In its opening brief, plaintiff asked that we take judicial notice of the documents in a prior writ petition in this case (*BFGC Architects Planners, Inc. v. Superior Court* (Feb. 27, 2003, G031727) [summary denial by order]). The settlement agreement appears to be the reason for the request. However, plaintiff failed to file the required separate, noticed motion. (Cal. Rules of Court, rules 22(a)(1), 41(a); *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 744 [122 Cal.Rptr.2d 787].) While we may take judicial notice on our own motion (*Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 37, fn. 2 [90 Cal.Rptr.2d 15]), we decline to do so here. Plaintiff's argument that, by virtue of that settlement agreement, Anderson is controlling this action, thereby somehow giving plaintiff a right to equitable indemnity, lacks substance and is unpersuasive. In sum, we see nothing to compel us to change or expand the existing rule that bars plaintiff from recovering from defendants under the facts of this case.

While our decision is not based on the exact same grounds as those articulated by the trial court, we review the correctness of the order, not the reasoning underlying it. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th

1443, 1451 [125 Cal.Rptr.2d 277].) ■ In addition to our determination the current pleading is defective, we must also consider whether the complaint is capable of being amended to state a cause of action. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) The burden is on plaintiff to show there is a "reasonable possibility" it can do so. (*Ibid.*)

■ Plaintiff did not even suggest the prospect of amending the complaint until oral argument when it advised it would allege a tort if given leave to amend; no such argument was advanced in either the opening or reply brief. Too late. We will not consider an issue not mentioned in the briefs and raised for the first time at oral argument. (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226 [86 Cal.Rptr.2d 209].) We deny plaintiff's request to file a postargument supplemental brief to raise this issue.

Plaintiff's failure to meet its burden to show it could plead different facts to cure the defects precludes reversal on that ground. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742–743 [1 Cal.Rptr.2d 543, 819 P.2d 1].) The decision to sustain the demurrer without leave to amend was correct. (*Lee v. Bank of America* (1990) 218 Cal.App.3d 914, 919–921 [267 Cal.Rptr. 387].)

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Sills, P. J., and Fybel, J., concurred.

A petition for a rehearing was denied July 20, 2004, and appellant's petition for review by the Supreme Court was denied October 13, 2004.