Filed 2/28/13  Sroka v. Bank of America CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GARY SROKA, | |
| Plaintiff and Appellant, | G047005 |
| v. | (Super. Ct. No. 30-2011-00514754) |
| BANK OF AMERICA, N.A., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Law Offices of Daniel G. Brown and Daniel G. Brown for Plaintiff and Appellant.

Bryan Cave, Stuart W. Price, Sean D. Muntz and Damian P. Richard for Defendant and Respondent.

\*          \*          \*

Plaintiff Gary Sroka sued defendant Bank of America, N.A. for a violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.; all further statutory references are to this code unless otherwise stated), alleging defendant's initiation of a nonjudicial foreclosure was fraudulent because defendant no longer had any interest in the loan after it was securitized. Plaintiff appeals from the judgment entered after defendant's demurrer to the first amended complaint was sustained without leave to amend.

He argues he had standing to challenge defendant's right to foreclose based on its alleged lack of interest in the loan and that such lack of interest was sufficient to support the unfair competition action. He further contends he adequately pleaded actual harm and if nothing else he should be allowed to amend. Finally, he asserts he should be able to maintain the action based on a public policy basis.

We conclude plaintiff did not sufficiently plead actual harm and there is no reasonable possibility he could amend. We affirm on that basis.

FACTS AND PROCEDURAL HISTORY

In 2003 plaintiff borrowed $645,000 from defendant and executed a note and deed of trust secured by his residence in defendant's favor. In 2011, after he stopped making payments, defendant's agent recorded a Notice of Default and Election to Sell Under Deed of Trust and a Notice of Trustee Sale, after which plaintiff filed suit.

His initial complaint contained causes of action for breach of contract and the implied covenant of good faith and fair dealing violation of Civil Code sections 2923.5 and 2941.9, unfair competition under section 17200, and declaratory relief. The court sustained the demurrer to all causes of action without leave to amend except the section 17200 violation, for which it granted plaintiff leave to amend.

2

In the first amended complaint for violation of section 17200, plaintiff alleged his loan was securitized. He pleaded that despite having transferred the loan to a trust in connection with the securitization, defendant collected plaintiff's monthly payments without authority to do so. He further alleged defendant commenced a nonjudicial foreclosure despite the fact it was neither a trustee, mortgagee nor beneficiary and had no authority to do so. He claims these acts were unlawful, unfair, and fraudulent. Plaintiff further pleaded this caused him monetary harm because defendant was not entitled to his mortgage payments; he could not contact the true owner of the loan and had he been able to do so he "could have worked out a payment arrangement"; and his credit suffered.

Defendant again demurred, asserting plaintiff had no standing because he failed to tender the full amount due under the loan and there were no allegations of unfair, fraudulent, or unlawful conduct or injury in fact. The court sustained the demurrer without leave to amend. It ruled the allegations defendant did not have the right to collect the payments failed to establish plaintiff had suffered monetary harm because he did not allege the payments were not credited against the loan.

As to the allegation defendant had no authority to foreclose on the property, the court ruled this was "a roundabout challenge to [defendant's] standing . . . to foreclose under [Civil Code section] 2924," which is not authorized. Finally, addressing the allegation that had plaintiff known the true holder of the loan he could have renegotiated the loan terms, the court ruled that not only was this completely speculative, a borrower has no such right.

Subsequently, judgment was entered.

3

DISCUSSION

*1. Actual Damages in Unfair Competition Cause of Action*

For a private party to have standing to bring an action under the unfair competition law he must plead he has "suffered injury in fact and has lost money or property as a result of the unfair competition." (§ 17204.) Failure to properly plead facts to satisfy these requirements subjects a complaint to a demurrer. (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1590.) In the case before us plaintiff failed to sufficiently plead actual damages.

In the first amended complaint plaintiff alleges he was harmed in three different ways, none of which satisfies the statute. First, he pleads he "suffered monetary harm" because he made payments on his note to defendant that it "was not entitled to collect." Assuming this is true, as we must for purposes of analyzing a demurrer (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5 [we assume truth of all properly alleged facts]), plaintiff has not lost any money. Plaintiff did not plead he is not obligated to make payments on the note. Rather, he alleged he executed a promissory note and deed of trust in connection with his loan and he attached them as exhibits to the first amended complaint. So, even if the money was not due to defendant, it had to be paid to someone. Plaintiff makes no allegation his payments were not properly credited to his note. No matter who owned or was the beneficiary of the note, plaintiff owed the money. He pleaded no facts to show he is entitled to recover the payments he made and thus he did not lose the payments he paid.

His second claim of harm is that defendant refused to tell him who controlled his loan, and had he been able to discuss the loan with the payee "he could have worked out a payment arrangement" with a reduced interest rate. He alleged he lost no less than one percent of the loan balance for at least a year and was charged a minimum of $10,000 in interest he "otherwise would not have been charged." But the

4

assertion he could have renegotiated his loan is pure speculation and we do not assume the truth of speculative allegations when reviewing a ruling on a demurrer. (*Rotolo v. San Jose Sports and Entertainment, LLC* (2007) 151 Cal.App.4th 307, 318.) Plaintiff fails to plead any facts he had a right to renegotiate the loan.

Finally, plaintiff alleges he suffered harm because when he failed to make his payments defendant "reported derogatory payment information to the national credit bureaus" causing his credit score to fall under 500. Plaintiff cannot recover for this alleged harm. He pleaded no facts to show there was anything improper about reporting his default to a credit agency. This is perfectly legal conduct and even assuming defendant had no right to collect the payments, any creditor not being paid has the right to report derogatory credit information.

Because plaintiff failed to sufficiently allege he lost money or property, he has no standing to sue under section 17200 and his cause of action fails. Therefore, we need not discuss any of his other arguments.

## 2. *Leave to Amend the Complaint*

Plaintiff maintains the court erred when it failed to grant leave to amend again after it sustained the demurrer to the first amended complaint. To prevail on this ground, he must show how the complaint could be amended to state a valid cause of action. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) He relies on two theories. First, he contends that because the events underlying the securitization are so complex he should be given additional time to research the claim. He points to no law requiring or even permitting an amendment on this basis and we know of none. Moreover, he has not shown how that would allow him to plead actual damages, a fatal flaw in the first amended complaint.

Addressing that problem, he bases his second ground on argument at the hearing on the demurrer where his lawyer was trying to explain the theory defendant had

5

no right to collect payments on the note. Basically, it is the same as the allegation in the first amended complaint that in connection with the securitization, the loan was never completely transferred to a trust, to which the payments should have been made. The court asked whether plaintiff was claiming defendant had not credited his payments and counsel replied, "Exactly that." In his opening brief, plaintiff concludes that based on the allegations concerning failure to transfer the loan, there is a "direct inference" he was harmed "because the wrong party collected money and was not in a position to credit payments against the loan." In his reply brief plaintiff does not even allude to this claim. He merely repeats the allegation he made payments to defendant, which had no right to collect them.

This is not a sufficient showing to support amendment. Plaintiff has not unqualifiedly alleged payments were not credited. He relies solely on an inference that does not directly flow from other allegations and then concludes only that defendant "was not in a position to credit payments." There is no claim defendant did not do so. His failure to even allude to this argument in the reply brief shows it lacks substance. If plaintiff cannot make a straightforward allegation that his payments were not credited to his loan at this point in the proceedings, there is no "reasonable possibility" he could do so if we reverse for that purpose. (*BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.* (2004) 119 Cal.App.4th 848, 854.) His statement at oral argument to this effect did not cure the deficiency. Plaintiff has not met his burden to show the court abused its discretion in denying leave to amend. (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.)

6

DISPOSITION

The judgment is affirmed.  Defendant is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.

7