Filed 3/20/26  Martens v. Alessi CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| REBECCA MARTENS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DAVID M. ALESSI, M.D., et al.,<br><br>    Defendants and Respondents. | B348581<br><br>(Los Angeles County<br>Super. Ct. Nos. 23SMCV01136,<br>23SMCV05054) |

APPEAL from a judgment of the Superior Court of
Los Angeles County, Michael E. Whitaker, Judge.  Affirmed.

Rebecca Martens, in pro. per., for Plaintiff and Appellant.

Schmid & Voiles, Denise H. Greer, Rodney G. Tomlinson
and Adam R. James, for Defendants and Respondents.

_____

Plaintiff and appellant Rebecca Martens sued defendants and respondents David M. Alessi, M.D. (Dr. Alessi) and David M. Alessi, M.D., P.C. (collectively, respondents) for medical malpractice and medical battery. Martens appeals from the judgment entered by the trial court after it had granted respondents' motion for summary judgment.

Although Martens is representing herself in this appeal, well-settled rules of appellate procedure require her to support her appellate claims with cogent argument and citations to the record and legal authority. Because she has not discharged that obligation, we affirm the judgment.

## A.    Procedural Background[2]

We summarize only those facts pertinent to our disposition of this appeal.

On March 15, 2023, Martens, who at that time was represented by counsel, filed a complaint against Dr. Alessi and his professional corporation (i.e., defendant and respondent David M. Alessi, M.D., P.C.) for medical malpractice in trial court case No. 23SMCV01136. On October 26, 2023, Martens, through

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ." (Cal. Stds. Jud. Admin., § 8.1.)

[2] We derive our Procedural Background in part from undisputed aspects of the trial court's order granting summary judgment and respondents' assertions that Martens does not contest in her reply brief. (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 772, fn. 2, 773–774 [employing this approach].)

counsel, filed a complaint against respondents for medical battery in trial court case No. 23SMCV05054. In August 2024, the trial court consolidated the two cases for all purposes. At bottom, Martens alleged that she suffered injuries from cosmetic surgery and medical treatment provided by respondents, and they subjected her to certain surgeries and treatment without her consent.

Respondents moved for summary judgment. After respondents filed a reply to Martens's opposition to their motion, Martens filed a separate statement of disputed material facts, exhibits, and a declaration, and lodged a USB drive with various photographs and videos in support of her opposition. Respondents filed evidentiary objections and an objection and request to strike Martens's separate statement and exhibits. Martens subsequently filed several additional documents, including a response to respondents' objections.

On July 24, 2025, the trial court heard and granted respondents' summary judgment motion.[3]

As for the medical malpractice claim, the trial court found that respondents satisfied their initial burden of showing Martens would be unable to establish they breached the standard of care or that any such breach caused or contributed to Martens's claimed injuries. Specifically, respondents submitted a declaration from J. Brian Boyd, M.D., an experienced plastic surgeon. Dr. Boyd attested he had analyzed Martens's medical records, and he opined, inter alia: (1) respondents "complied with the standard of care in the treatment of . . . Martens which

---

[3] The next four paragraphs summarize pertinent aspects of the order granting summary judgment.

included the pre-operative workup, performance of . . . surgery, and post-operative care, including the injection of the steroids"; and (2) "to a reasonable degree of medical probability," that "Martens'[s] alleged injuries are not due to any act or omission on behalf of" respondents. The court ruled respondents thus "shifted the burden of production to [Martens] to raise triable issues of material fact" vis-à-vis the medical malpractice claim.

The trial court found Martens failed to satisfy that burden. The court explained that Martens's separate statement and evidentiary submissions were untimely and Martens had "not demonstrated good cause for the Court to excuse the delay."[4] According to the court, even if it "were to overlook the untimeliness of [Martens's] filings," the letter from a plastic surgeon that Martens offered to controvert respondents' expert declaration was inadmissible. "[Respondents] point[ed] out[ ] the letter is both unauthenticated and unsigned." The court also found the correspondence contains various "indicia of unreliability," to wit, "numerous typos and misspellings, including of [Martens's] own name, and the bottom of the letter indicates, 'Dictated but not verified, subject to dictation/transcription variance.'"

As for the medical battery claim, the trial court ruled respondents met their initial burden of showing Martens could not establish they performed procedures beyond those for which

_____

[4] In her reply brief, Martens asserts, without any supporting citation to the record, that she "became self-represented following the withdrawal of trial counsel shortly before the dispositive proceedings." Nevertheless, she seems to acknowledge that "self-representation [does not] excuse[ non]compliance with procedural rules."

4

she had consented, thereby "shift[ing] the burden of production to [Martens] to raise triable issues of material fact." In particular, respondents offered evidence Martens had consented to certain surgical procedures (i.e., "a cervico-facial rhytidectomy . . . and a minor tip rhino revision"); Dr. Alessi's administration of steroid injections to address Martens's complaints of scarring did not require signed informed consent; notwithstanding Martens's apparent allegation to the contrary, Dr. Alessi did not perform a brow lift on her; and the consent form Martens signed "encompassed treatment for conditions that may arise during the course of care and treatment, including 'operations and procedures different from, or in addition to, the procedure described' that 'are considered necessary and advisable.' "

The trial court found Martens failed to create a triable issue of material fact as to her medical battery claim. First, the court reiterated its conclusion that Martens's "evidentiary and separate statement submissions are untimely." Second, the court concluded Martens's untimely evidentiary submissions did not support the theory of liability she had pleaded in her complaint for medical battery. Whereas Martens pleaded that respondents had, without her consent, " 'performed surgery on [her] neck, face, eye brow, and scalp' " and given her " 'unnecessary and prolonged injections of steroids,' " the evidence Martens offered concerned only whether she consented to a "hematoma drainage procedure . . . ." Lastly, the court ruled, "[E]ven if [Martens's] withdrawal of consent in the middle of the post-operative drainage procedure were properly at issue in this case, which it is not based upon [the] allegations in the complaint, the video evidence [Martens offers] does not demonstrate that the doctor continued with the procedure without [Martens's] consent . . . ."

5

Several hours after the trial court granted respondents' summary judgment motion, Martens filed a notice of appeal seeking review of a "[j]udgment after an order granting a summary judgment motion," which judgment she claimed had been entered on July 24, 2025. On August 18, 2025, the trial court filed a judgment in favor of respondents in accordance with its order granting their summary judgment motion.[5]

## B.  Standards of Review and Rules of Appellate Procedure

Summary judgment motions are governed by a three-step procedure. (See *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 (*Los Angeles Unified School Dist.*).) " ' " 'First, [a court] identif[ies] the issues raised by the pleadings, since it is these allegations to which the motion must respond; secondly, [the court] determine[s] whether the moving party's showing has established facts which negate the opponent's claims and justify a judgment in movant's favor; when a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.' " ' [Citation.]" (See *ibid.*)

"We review an order granting or denying summary judgment or summary adjudication independently." (*Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at p. 492.) "Only *admissible evidence* is . . . [considered] in deciding whether there

---

[5]  We exercise our discretion to treat Martens's notice of appeal as having been filed immediately after entry of judgment. (See Cal. Rules of Court, rule 8.104(d)(2).) All undesignated rule references are to the California Rules of Court.

is a triable issue."  (See *Bozzi v. Nordstrom, Inc.* (2010)
186 Cal.App.4th 755, 761.)  "We review the trial court's rulings on
evidentiary objections for an abuse of discretion."  (*Id.* at p. 762.)
We also review for abuse of discretion a trial court's "refus[al] to
consider papers [in opposition to summary judgment] served and
filed beyond the deadline without a prior court order finding good
cause for late submission."  (See *id.* at p. 765.)

"  ' "Even when our review on appeal 'is de novo, it is limited
to issues which have been adequately raised and supported in
[the appellant's opening] brief.  [Citations.]  Issues not raised in
an appellant's brief are deemed waived or abandoned.' "
[Citation.]  To succeed[,] . . . [an appellant] must first establish
error. . . .  " '[T]he most fundamental rule of appellate review is
that an appealed judgment or order is presumed to be correct.'
[Citation.]" . . . [Citation.]'  [Citation.]  To 'rebut[ ] the
presumption of correctness accorded to the trial court's decision,'
the appellant must ' " ' "supply[ ] the reviewing court with some
cogent argument supported by legal analysis and citation to the
record." '  [Citation.]  [Citations.]'  [Citation.]"  (*Cruz v. Tapestry,
Inc.* (2025) 113 Cal.App.5th 943, 953–954 (*Cruz*).)  Consequently,
" ' "[d]e novo review does not[, for instance,] obligate us to cull the
record for the benefit of the appellant in order to attempt to
uncover the requisite triable issues. . . ." '  [Citation.]"  (See
*Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at
p. 492.)

The rules of appellate procedure apply to Martens even
though she is a self-represented party.  (*Scholes v. Lambirth
Trucking Co.* (2017) 10 Cal.App.5th 590, 595.)  Accordingly,
Martens " ' "is entitled to the same, but no greater[,]

7

consideration than other litigants and attorneys. [Citation.]" '
[Citation.]" (*Ibid.*)

## C. Martens Fails To Show the Trial Court Erred In Granting Summary Judgment

In her opening brief, Martens identifies three appellate issues: "1. Whether the trial court erred in granting Summary Judgment where disputed material facts existed. [¶] 2. Whether the court improperly weighed evidence or failed to construe evidence in the light most favorable to the non-moving party ([Martens]). [¶] 3. Whether [respondents] failed to meet [their] initial burden of production under Code of Civil Procedure section 437c."

Instead of analyzing any of these questions in her opening brief, Martens purports to "incorporate[ ] by reference all filings identified in the Designation of Record, including oppositions, declarations, exhibits, and objections . . . ." Martens does not cite any particular filing she claims supports her challenge to the order granting summary judgment. She also asserts, without elaboration or citation to the record, that "no sitting court Judge should be allowed to be bias [*sic*] and take funds from an insurance company."

" '[I]t is well settled that the Court of Appeal does not permit incorporation by reference of documents filed in the trial court. [Citations.]' [Citation.]" (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1188–1189, fn. 4.) We thus disregard Martens's vague and oblique reference to unspecified documents filed in the trial court. Because her opening brief contains *no* cogent argument challenging the trial court's order granting respondents' motion for summary judgment, Martens

fails to rebut the presumption of correctness accorded to that decision. (See *Cruz, supra*, 113 Cal.App.5th at pp. 953–954.)[6]

In her reply brief, Martens seems to argue that we have an "obligation to independently review the summary judgment ruling de novo . . . to determine whether triable issues of material fact exist" regardless of whether her appellate briefing is deficient. She cites a page from *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 for the following proposition: "Even where briefing is imperfect, courts routinely reach the merits where the record permits review and the issues are purely legal." (Citing *Aguilar*, at p. 860.) In the excerpt Martens cites, however, the Supreme Court did not hold that an appellate court must assume the role of an advocate when an appellant files a defective brief challenging entry of summary judgment. (See *ibid.* [merely holding that "[a]n order granting summary judgment . . . is reviewed independently"].) We decline Martens's invitation to take on that role. (See part B, *ante* [noting that an appellant must overcome the presumption of correctness even on de novo review]; see also *Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14 [" 'We are not

---

**6** Respondents ask us to strike Martens's opening brief for failure to comply with rules 8.204(a)(1)(B) and 8.204(a)(1)(C), which require each appellate brief to "support each point by argument and, if possible, by citation of authority" and "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (See rules 8.204(a)(1)(B)–(C).) We deny respondents' request as procedurally improper because they failed to raise it in a separate motion. (See rule 8.204(e)(2)(B) [providing that a party may move to strike an appellate brief that does not comply with rule 8.204].)

required to search the record to ascertain whether it contains support for [a party's] contentions.' [Citation.] We do not serve as 'backup appellate counsel[.]' "].)[7]

In sum, because Martens does not show the trial court erred in granting respondents' motion for summary judgment, we affirm the ensuing judgment.[8]

## DISPOSITION

We affirm the judgment. Defendants and respondents David M. Alessi, M.D. and David M. Alessi, M.D., P.C. are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

WEINGART, J.          M. KIM, J.

---

[7] At oral argument, Martens raised multiple contentions she did not include in her appellate briefing. We decline to address these belatedly raised arguments. (*BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.* (2004) 119 Cal.App.4th 848, 854 ["We will not consider an issue not mentioned in the briefs and raised for the first time at oral argument."].)

[8] Although respondents observe in their summary of the procedural history of this case that the trial court denied Martens's motions for reconsideration and for a new trial, respectively, Martens does not mention those rulings in her briefing, let alone claim they are properly before us.

10